The Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| P.B.; and N.W., minors,<br><br>     Plaintiff,<br><br>vs.<br><br>COREY MARCOTTE and KING COUNTY,<br><br>     Defendant. | No. 18-cv-01689-RSL<br><br>STIPULATED PROTECTIVE ORDER |

Pursuant to FRCP 26(c), the parties to this action, by and through their respective counsel, hereby stipulate to the entry of this Protective Order Concerning Confidential Information ("Protective Order"), as follows:

1. This Protective Order shall apply to all documents, materials, and information designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order, unless the "CONFIDENTIAL" designation has been withdrawn by the designating party or by Order of the Court, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Civil Rules.

2. As used in this Protective Order, "document" is defined as provided in FRCP 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

STIPULATED PROTECTIVE ORDER - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

3. "CONFIDENTIAL" information covered under the terms of this Protective Order shall include the following documents, materials, and/or information produced or otherwise exchanged by Plaintiffs P.B and N.W., minors ("Plaintiffs"), Defendants King County and Deputy Marcotte ("Defendants"), and/or any of Plaintiffs' or Defendants' agents or representatives, when designated as "CONFIDENTIAL:"

(a) Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act ("HIPAA"); medical information, such as medical records, medical treatment, medical diagnoses, and drug recommendations or prescriptions; medical billing information; and investigations and statements to the extent they include the same;

(b) the financial status of Plaintiff and/or Defendants, including but not limited to any non-public financial information such as tax records, profit and loss statements, accounting documents, reports, or assessments; business and contractual relationships; financial contracts; and investigations and statements related to the same, excluding any such documents already in the public domain;

(c) Contracts and other business documents subject to reasonable confidentiality or non-disclosure agreements; leases; and any other document that the parties stipulate is a confidential business document;

(d) Information or documents obtained from third parties falling into the foregoing categories; and

(e) Confidential employment or personnel information involving employees or former employees of Defendant, including but not limited to information regarding such individuals' hiring, job performance, discipline, termination of employment, or compensation or benefits.

STIPULATED PROTECTIVE ORDER - 2

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

4. The protections conferred by this agreement cover not only CONFIDENTIAL information (as defined above), but also (1) any information copied or extracted from confidential information; (2) all copies, excerpts, summaries, or compilations of confidential information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential information. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5. CONFIDENTIAL information shall not be disclosed or used for any purpose except the prosecution, defense, preparation and trial of this case, including attempts to settle this litigation and any appeals.

6. CONFIDENTIAL information shall not, without the consent of the party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

(a) attorneys of record for the parties;

(b) persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and their designated representatives including insurance adjusters;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent reasonably necessary for this litigation;

(e) the Court and its employees ("Court Personnel");

(f) court reporters, videographers, and their staff employed in connection with the above-captioned suit and any appeals therefrom;

(g) deponents, witnesses, or potential witnesses (and their counsel, if any);

STIPULATED PROTECTIVE ORDER - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

(h) copy or imaging services retained by counsel to assist in the duplication of confidential information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential information to third parties and to immediately return all originals and copies of any confidential information;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) mediators or other persons engaged in alternative dispute resolution; and

(k) other persons by written agreement of the parties or order of the Court.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in a clear and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL." Disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. An inadvertent failure to designate qualified material as "confidential" does not, standing alone, waive the designating party's right to secure protection under this Order for such materials so long as the documents have not previously been filed with the Court and are so designated by no later than the date established by the Court for the cutoff of discovery.

The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation. The

STIPULATED PROTECTIVE ORDER - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

designation of CONFIDENTIAL may be withheld or withdrawn at any time by agreement of all parties at the request or initiative of any party.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the deposition transcript.

9. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A party that elects to initiate a challenge to a party's confidentiality designation must do so in good faith and must begin the process by written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the parties cannot resolve the dispute within ten (10) business days after the time the notice is received, either party may then seek judicial intervention regarding the confidentiality of a document.

10. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating

STIPULATED PROTECTIVE ORDER - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

11. With respect to CONFIDENTIAL documents or information to be used at trial, the Court ordinarily will treat trial exhibits and testimony as a matter of public record. The parties, however, shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the confidentiality of information to be used at trial and a method for maintaining the confidentiality of such information. At the Pretrial Conference, the parties may present, by motion or stipulation, a proposed method for maintaining confidentiality. Nothing in this paragraph, however, shall be construed as constraining the Court's authority to treat trial exhibits and testimony as matters of public record.

12. Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature of that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business day, regardless of whether the

STIPULATED PROTECTIVE ORDER - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and Clawback Provision shall be governed by Evidence Rule 502 (d) and is entered pursuant to Civil Rule 26(c).

13. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Civil Rule 26(b)(6). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Evidence Rule 502.

14. Nothing in this Protective Order shall be construed to constitute a waiver of any party's right to oppose discovery on any ground, or to object on any ground to the admission into evidence of any document, testimony, or other information at the trial of this action.

15. Nothing in this Protective Order shall be construed to constitute a waiver of any party's right to withhold documents and/or information under the attorney-client privilege, the work product doctrine or any other privilege or protection recognized under Washington law.

16. Nothing in this Protective Order shall be construed to constitute a waiver of any party's right to obtain documents and information as otherwise protected by law.

17. Within sixty (60) days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written notice confirming the destruction.

STIPULATED PROTECTIVE ORDER - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, discovery, and/or correspondence even if such materials contain CONFIDENTIAL information. Any such archival copies that contain or constitute CONFIDENTIAL information remain subject to this Protective Order.

18. Nothing in this Protective Order shall be deemed to preclude a CONFIDENTIAL designation despite the fact material has been de-identified by removing any and all of the elements as described in the Privacy Rule of the Health Insurance Portability and Accountability Act. This Order is intended to comply with the requirements of 45 C.F.R. §164.512(e) related to disclosure of protected health information for judicial and administrative proceedings.

19. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

20. This Protective Order may be modified by the Court at any time following notice to all parties and an opportunity for them to be heard.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 28th day of May, 2019.

*s/ David J. Hackett*
David J. Hackett, WSBA #21236
Attorney for Defendant King County

*s/ David Whedbee*
David Whedbee, WSBA #35977
Joe Shaeffer, WSBA #33273
Attorneys for Plaintiffs

*s/ Geoff Grindeland*
Geoff Grindeland, WSBA #35798
Nikki Carsley, WSBA #46650
Attorneys for Deputy Marcotte

STIPULATED PROTECTIVE ORDER - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

## ORDER

The Court having reviewed the foregoing stipulation of the parties, and being duly advised, hereby orders pursuant to FRCP 26(c) that the parties' disclosure and exchange of Confidential Information, as defined herein, shall be governed by the terms of this Order, and this Order is hereby approved and entered by the Court.

Dated this 31st day of May, 2019.

_____
THE HONORABLE ROBERT S. LASNIK

Presented by:

DANIEL T. SATTERBERG

King County Prosecuting Attorney

By: _s/ David J. Hackett_
DAVID J. HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney
Attorney for Defendant King County
King County Prosecuting Attorney
500 Fourth Avenue, Suite 900
Seattle, WA 98104
Phone: (206) 296-8820 / Fax: (206) 296-8819
Email: david.hackett@kingcounty.gov

Approved as to Form and For Entry;

MACDONALD HOAGUE & BAYLESS
By: _s/ David Whedbee_
David Whedbee, WSBA #35977
Joe Shaeffer, WSBA #33273
Attorneys for Plaintiffs
705 Second Avenue, Suite 1500
Seattle, WA 98104

STIPULATED PROTECTIVE ORDER - 9

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

Seattle, WA 98109
Telephone: 206-622-1604
davidw@mhb.com
joe@mhb.com

SEAMARK LAW GROUP PLLC
Attorneys for Deputy Marcotte

By: *s/ Geoff Grindeland*
Geoff Grindeland, WSBA No. 35798
Nikki Carsley, WSBA No. 46650
Seamark Law Group PLLC
400 Winslow Way E, Ste 230
Bainbridge Island, WA 98110
(206) 502-2510
geoff@seamarklaw.com
nikki@seamarklaw.com

STIPULATED PROTECTIVE ORDER - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *P.B. v. N.W. v. King County, et al.*, No. 2:18-cv-01689-RSL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819